E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT FOR WAPELLO COUNTY

| | |
|---|---|
| STAR RICE, | Case No. |
| Plaintiff, | |
| v. | |
| SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate capacities, | **ORIGINAL NOTICE** |
| Defendant. | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the Plaintiff are Lawrence Dempsey and Jacquelyn Judickas of Newkirk Zwagerman, P.L.C., whose address is 3900 Ingersoll Ave, Suite 201, Des Moines, IA 50312. That attorney's phone number is (515) 883-2000; facsimile number (515) 883-2000.

You are notified this case has been filed in a county that utilizes electronic filing. You may refer to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing. For information regarding the protection of personal information in court filings, refer to rules in Chapter 16, division VI.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (641)-684-6502 Extension 610. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Wapello County Courthouse
101 West 4th St.
Ottumwa, IA 52501

**EXHIBIT**

**1**

**IMPORTANT: You are advised to seek legal advice at once to protect your interests.**

E-FILED 2024 JAN 23 8:38 AM WAPELLO - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LALA106679** |
| *County* | **Wapello** |

*Case Title*   STAR RICE V. SWIFT PORK COMPANY, JBS PORK EAL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

---

*Scheduled Hearing:*




---

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(641) 684-6502** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/23/2024 08:38:38 AM**



*District Clerk of Court or/by Clerk's Designee of* Wapello          *County*

**/s/ Carla Marker**

## IN THE IOWA DISTRICT COURT FOR WAPELLO COUNTY

| | |
|---|---|
| **STAR RICE,** | Case No: |
| Plaintiff, | |
| v. | |
| **SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate capacities,** | **PETITION AND JURY DEMAND** |
| Defendants. | |

**COMES NOW** the Plaintiff, Star Rice, by and through her attorneys, Newkirk Zwagerman, P.L.C., and for her cause of action, hereby states the following:

### INTRODUCTION

1.      Plaintiff, Star Rice, brings this action against the Defendants, Swift Pork Company, JBS Pork Production Facility, JBS USA Food Company (a/k/a JBS Food USA), Victor Rodriquez, and Erika Kemp, as a result of Defendants' unlawful and discriminatory conduct in violation of both state and federal law, including, but not limited to, Title VII of The Civil Rights Act of 1964, the Iowa Civil Rights Act, the Family Medical Leave Act, and the Fair Labor Standards Act.

2.      As set forth below, by penalizing Ms. Rice for her pregnancy and the birth of her child, by assigning Ms. Rice "attendance points" due to her pregnancy and the birth of her child, by terminating Ms. Rice due to her pregnancy and the birth of her child, by failing to provide Ms. Rice with the appropriate accommodations she needed to extract breast milk,

1

by harassing Ms. Rice based on her gender and her pregnancy, and by retaliating against Ms. Rice for complaints she made about discriminatory conduct, Defendants discriminated against Ms. Rice in violation of state and federal law.

## PARTIES

3.      The Plaintiff, Star Rice, is a resident of Oskaloosa, Mahaska County, Iowa.

4.      Defendant Swift Pork Company (hereinafter "Swift Pork") is a corporation formed pursuant to the laws of the state of Delaware with its principal place of business in Greely, Colorado. Swift Pork regularly and continuously conducts business in the state of Iowa, including, but not limited to, operating a pork production facility in Ottumwa, Iowa, where Ms. Rice previously worked and where the acts complained of herein occurred.

5.      Defendant JBS USA Food Company, a/k/a JBS Food USA, is a corporation formed pursuant to the laws of the state of Delaware with its principal place of business in Greely, Colorado. Upon information and belief, JBS USA Food Company is a parent company of Swift Pork and regularly and continuously conducts business in the state of Iowa, including, but not limited to, operating a pork production facility in Ottumwa, Iowa, where Ms. Rice previously worked and the acts complained of herein occurred.

6.      Upon information and belief, JBS Pork Production Facility is a business entity owned and operated by Swift Pork and JBS USA Food Company, and operates a pork production facility in Ottumwa, Iowa, where Ms. Rice previously worked and the acts complained of herein occurred.

7.      At all times relevant to the allegations set forth below, Defendant Victor Rodriquez was employed by Defendants Swift Pork, JBS USA Food Company, and JBS Pork

2

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

Production Facility. Defendant Rodriquez served as Ms. Rice's supervisor during her employment with Defendants. Upon information and belief, Defendant Rodriquez is a resident of the state of Iowa.

8.      At all times relevant to the allegations set forth below, Defendant Erika Kemp was employed by Defendants Swift Pork, JBS USA Food Company, and JBS Pork Production Facility. Defendant Kemp served as Ms. Rice's supervisor during her employment with Defendants. Upon information and belief, Defendant Kemp is a resident of the state of Iowa.

## JURISDICTIONAL AND PROCEDURAL REQUIREMENTS

9.      Ms. Rice filed complaints with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission against Defendants concerning the matters described herein within 300 days of the last discriminatory act.

10.      Within 90 days of filing this petition, the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission issued right-to-sue letters with respect to the claims set forth below.

11.      Venue is proper in the Iowa District Court for Wapello County as the allegations set forth herein occurred in Wapello County, Iowa.

12.      Plaintiff seeks damages in excess of the minimum jurisdictional requirements for the Iowa District Courts.

## FACTUAL SUMMARY

13.      Ms. Rice began working in Defendants' facility in Ottumwa, Iowa in early 2020. Later that year, Ms. Rice learned that she was pregnant.

E-FILED 2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

14.     Ms. Rice's pregnancy was deemed a high risk by her doctors. As a consequence, Ms. Rice had frequent appointments with her doctor related to her pregnancy. Ms. Rice sought and was granted approval from Defendants to take time off of work to attend those appointments.

15.     Defendants knew of Ms. Rice's pregnancy and her need for time away from work to attend medical appointments and for other pregnancy-related reasons.

16.     Unknown to Ms. Rice, she was nevertheless penalized by Defendants for attending pregnancy-related doctor appointments. Specifically, Defendants use a "points" system to track work absences, whereby employees are assigned points for missing a day of work. Upon reaching a specified number of points, an employee can be terminated.

17.     Despite the fact that Plaintiff had notified Human Resources that she would need time away from work for her pregnancy and to attend pregnancy-related doctor appointments, Defendants assigned Ms. Rice "points" for work she missed related to her pregnancy, including, but not limited to, attending doctor's appointments.

18.     Ms. Rice gave birth on June 4, 2021 and was off of work for approximately two months around that time. Ms. Rice returned to work in July 2021. Ms. Rice had previously requested, and was granted leave from work to give birth to her child.

19.     Defendants knew that Ms. Rice would be giving birth and that she would need time away from work to give birth.

20.     After returning to work, Ms. Rice periodically needed to take time away from work to attend medical appointments related to her recent pregnancy and the birth of her

4

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

child. Ms. Rice requested and was granted permission to take time off of work to attend those medical appointments.

21.     Defendants knew that Ms. Rice would need to attend medical appoints related to the recent birth of her child and would need time away from work to attend those appointments.

22.     Nevertheless, Defendants attempted to terminate Ms. Rice's employment for missing work to attend medical appointments related to her pregnancy and the birth of her child, and for missing work to give birth.

23.     Defendants claimed that Ms. Rice had accumulated an impermissible number of "absence points" and was being fired as a result.

24.     Ms. Rice protested Defendants' attempt to end her employment due to her pregnancy and the birth of her child, as she had requested, and was granted leave to miss work to give birth and attend medical appointments.

25.     Defendants initially reversed their decision to terminate Ms. Rice's employment. Although Ms. Rice was able to stop Defendants' efforts to terminate her employment—albeit only temporarily—the "absence points" Defendants had impermissibly given her were not removed from Ms. Rice's record, despite the fact that they resulted from Ms. Rice's pregnancy and the birth of her child.

26.     After returning to work following the birth of her child, Ms. Rice also presented her supervisor and Human Resources with a doctor's note indicating that Ms. Rice would need work accommodations to extract breast milk so she could feed her newborn baby. Ms.

5

Rice needed time away from her work assignment, as well as a private and sanitary space to extract breast milk for her newborn child.

27.    Defendants provided Ms. Rice with an old room that smelled of rotten meat, with dirty cement floors, tacky traps for insects, and a semi-functional sink to extract breast milk.

28.    While the room Defendants provided Ms. Rice had shower curtains, the room was not private, as other employees could access the room while Ms. Rice was extracting breast milk. On one occasion, while Ms. Rice was extracting breast milk, an employee entered the room and pulled the curtain back, exposing Ms. Rice's bare breast.

29.    Ms. Rice complained of the filthy conditions and inadequate privacy to one of her supervisors, Defendant Erika Kemp, and a human resource representative numerous times between July 2021 and April 8, 2022. Neither Defendant Kemp nor Human Resources did anything to improve conditions.

30.    Ms. Rice also endured hostility from her peers and supervisors as a result of needing to take work breaks to pump breast milk. Ms. Rice's peers and supervisors complained that Ms. Rice was off the line where she was assigned to work too often and that the pumping process was taking too long.

31.    Ms. Rice's supervisors, Defendant Rodriguez and Defendant Kemp, would also routinely complain to other employees about the amount of time it took for Ms. Rice to pump.

32.    Because of the nature of Ms. Rice's work, she had to wear several layers of personal protection equipment ("PPE"), including a full protective suit and gloves. As a consequence, to pump breast milk, Ms. Rice had to remove three layers of PPE, retrieve her

6

pump, retrieve her milk bag, go to the pump room, set up the pump, pump each breast, put the milk in her cooler, put her pump bag back in the locker room, replace all her PPE, and return to the floor.

33.    Ms. Rice made complaints to both Human Resources and her supervisors regarding the harassment she was experiencing, but nothing was done to stop the harassment.

34.    While working for Defendants, Ms. Rice kept up with her share of the work and did not do less work than her peers.

35.    After complaining, Ms. Rice continued to be harassed by her peers and supervisors, who would claim that Ms. Rice was "off the line too much" and would make comments such as "how long does it really take to pump?" or "it shouldn't take so long." This occurred repeatedly from July 2021 through April 8, 2022.

36.    The harassment Ms. Rice experienced, as well as Defendants' failure to take appropriate steps to stop the harassment, were consistent with Defendants' attempt to punish Plaintiff by keeping absence points on her record for pregnancy-related absences and with the lack of respect generally for females who are pregnant.

37.    In March of 2022, Ms. Rice had a meeting with Human Resources regarding the amount of time she spent pumping. Ms. Rice explained that she was only taking the amount of time needed to pump.

38.    Ms. Rice's supervisors told Ms. Rice that she needed to go sit in the Human Resources office because she was going to be written up. Ms. Rice had done nothing wrong.

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

39.    On another occasion, Defendant Rodriguez went to Human Resources and asked to see Ms. Rice's medical file, without Ms. Rice's permission, because he did not believe that Ms. Rice actually needed time off the line to pump. While Defendant Rodriguez was ultimately unsuccessful in obtaining Ms. Rice's medical file, his conduct is consistent with a pattern of hostility Ms. Rice experienced due to her pregnancy and the birth of her child.

40.    Around this same timeframe, Defendant Rodriguez continued to harass Ms. Rice regarding the time required to pump breast milk, urging Ms. Rice to only pump for 15 minutes instead of the 30 minutes that was required.

41.    Defendant Kemp, who became Ms. Rice's supervisor in December of 2021, also participated in harassing Ms. Rice. Defendant kemp would repeatedly make comments to Ms. Rice, such as "can't you just feed your baby when you get home."

42.    Ms. Rice also complained about the harassment she was experiencing from her co-workers to Defendant Kemp. Defendant Kemp took no action to stop the harassment Ms. Rice was experiencing and continued to harass her.

43.    On one occasion in or around March 2022, Defendant Kemp explicitly told Ms. Rice "you can either put up with it or you can leave" with respect to the harassment she was experiencing.

44.    Defendants' failure to take action in response to Ms. Rice's complaints clearly demonstrated to Ms. Rice that if she continued to pump, she would have no other choice than to endure the harassment she was experiencing.

45.    Ms. Rice desperately wanted to pump breast milk to feed her child, yet Defendants repeatedly harassed Ms. Rice for doing so.  Defendants knew that Ms. Rice's first

child had died from Sudden Infant Death Syndrome ("SIDS") and that Ms. Rice was desperately trying to do everything she could to help ensure good health for her newborn child, including feeding her child with breastmilk.

46.     Ms. Rice's breastfeeding was not disruptive, and Ms. Rice kept up with her work. Nevertheless, Defendants and Ms. Rice's peers perpetuated stereotypes about breastfeeding, including the stereotype that women, particularly those that are breastfeeding, cannot carry their weight at work.

47.     The harassment continued to escalate as Ms. Rice's peers became increasingly disgruntled about Ms. Rice needing to take time away from her work assignment to breastfeed.

48.     Ms. Rice made several complaints to management and to Human Resources about how she was being treated but nothing was done to stop it.

49.     On April 8, 2022, Ms. Rice arrived at work but, when she attempted to enter the facility, she was told she had exceeded the maximum number of "absence points" and was being terminated.

50.     Many of the "points" on Ms. Rice's record were for days of work she missed to give birth or to attend medical appointments and should not have been assigned to Ms. Rice. Moreover, Ms. Rice had requested and was granted permission to miss work to give birth and to attend medical appointments.

51.     Ms. Rice attempted to provide documentation to show Defendants that they impermissibly assigned her "points" for pregnancy and birth related absences – as they had once before – but Defendants would not allow Ms. Rice to do so.

52.   Defendants terminated Ms. Rice's employment on April 8, 2022.

53.   Other employees who were not pregnant, not breastfeeding, and who did not complain of discrimination were given more leeway and flexibility with respect to their attendance.

54.   Defendants' termination of Ms. Rice's employment was a result of Ms. Rice needing accommodations to attend medical appoints, give birth, and to breastfeed, and due to Ms. Rice's complaints about the harassment she was experiencing and the substandard breastfeeding accommodations.

<u>**COUNT I**</u>
**DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT**
**(Iowa Code Chapter 216)**

55.   Plaintiff realleges the preceding paragraphs of this petition as fully set forth herein.

56.   By assigning "points" to Ms. Rice for work absences that were due to pregnancy and the birth of a child, by refusing to remove those "points" from Ms. Rice's attendance record, by failing to provide Ms. Rice with suitable accommodations to extract breast milk, by harassing Ms. Rice for needing to take time away from her work assignment to extract breastmilk, by failing to take appropriate remedial action in response to Ms. Rice's complaints about harassment and the inadequate breastfeeding facilities, and by terminating Ms. Rice for "points" that resulted from pregnancy-related absences, Defendants discriminated against Ms. Rice on the basis of her gender and pregnancy in violation of the Iowa Civil Rights Act.

10

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

57.     Moreover, by harassing Ms. Rice for taking time off work for pregnancy-related reasons and for needing to take time to breastfeed, by failing to take appropriate remedial action in response to Ms. Rice's complaints about harassment and the lack of appropriate breastfeeding facilities, by assigning "points" to Ms. Rice for pregnancy-related absences, and by terminating Ms. Rice for making complaints and needing time away from work for her pregnancy, birth, and breastfeeding, Defendants retaliated against Ms. Rice in violation of the Iowa Civil Rights Act.

58.     The aforementioned discriminatory conduct was sufficiently severe and pervasive to create a work environment that was hostile and abusive in violation of the Iowa Civil Rights Act.

59.     Defendants further failed to exercise reasonable care to prevent and promptly correct the aforementioned discriminatory conduct.

60.     Defendants' policies and practices result in pregnant women and new mothers being subjected to disparate treatment relative to their male peers.

61.     As a result of Defendants' acts and omissions, Ms. Rice has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

62.     The actions of Defendants also warrant the imposition of specific equitable relief, including injunctive relief, including but not limited to the following:  (a) reinstatement to her position with full pay and benefits, (b) requirement of specific training to prevent discrimination of all management, (c) injunctive relief prohibiting Defendants from engaging

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

in further discrimination or retaliation, (d) a mandatory injunction requiring Defendants to engage in company-wide discrimination, harassment, retaliation, and sensitivity training and imposing mandatory gender bias testing upon members of management who have been found to have engaged in acts of discrimination, retaliation, or suspect treatment during their employment with defendant and (f) such other and further relief as is necessary to effectuate the policies and goals of state and federal law.

**WHEREFORE**, Ms. Rice demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for emotional distress damages, for lost wages, for equitable relief, for interest as allowed by law, for attorneys' fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

<u>COUNT II</u>
**DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND PREGNANCY DISCRIMINATION ACT
(42 U.S.C. § 2000e *et. seq.*)**

63.     Plaintiff realleges the preceding paragraphs of this petition as fully set forth herein.

64.     By assigning "points" to Ms. Rice for work absences that were due to pregnancy and the birth of a child, by refusing to remove those "points" from Ms. Rice's attendance record, by failing to provide Ms. Rice with suitable accommodations to extract breast milk, by harassing Ms. Rice for needing to take time away from her work assignment to extract breastmilk, by failing to take appropriate remedial action in response to Ms. Rice's complaints about harassment and the inadequate breastfeeding facilities, and by terminating Ms. Rice for "points" that resulted from pregnancy-related absences, Defendants

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

discriminated against Ms. Rice on the basis of her gender and pregnancy in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

65.    Moreover, by harassing Ms. Rice for taking time off work for pregnancy-related reasons and for needing to take time to breastfeed, by failing to take appropriate remedial action in response to Ms. Rice's complaints about harassment and the lack of appropriate breastfeeding facilities, by assigning "points" to Ms. Rice for pregnancy-related absences, and by terminating Ms. Rice for making complaints and needing time away from work for her pregnancy, birth, and breastfeeding, Defendants retaliated against Ms. Rice in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

66.    The aforementioned discriminatory conduct was sufficiently severe and pervasive to create a work environment that was hostile and abusive in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

67.    Defendants further failed to exercise reasonable care to prevent and promptly correct the aforementioned discriminatory conduct.

68.    Defendants' policies and practices result in pregnant women and new mothers being subjected to disparate treatment relative to their male peers.

69.    As a result of Defendants' acts and omissions, Ms. Rice has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

70.    The actions of Defendants also warrant the imposition of specific equitable relief, including injunctive relief, including but not limited to the following:  (a) reinstatement

13

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

to her position with full pay and benefits, (b) requirement of specific training to prevent discrimination of all management, (c) injunctive relief prohibiting Defendants from engaging in further discrimination or retaliation, (d) a mandatory injunction requiring Defendants to engage in company-wide discrimination, harassment, retaliation, and sensitivity training and imposing mandatory gender bias testing upon members of management who have been found to have engaged in acts of discrimination, retaliation, or suspect treatment during their employment with defendant and (f) such other and further relief as is necessary to effectuate the policies and goals of state and federal law.

**WHEREFORE**, Ms. Rice demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for emotional distress damages, for lost wages, for equitable relief, for interest as allowed by law, for attorneys' fees, for punitive damages, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Act and the Pregnancy Discrimination Act.

## COUNT III
### INTERFERENCE, DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (29 U.S.C § 2615, *et. seq.*)

71.     Plaintiff realleges the preceding paragraphs of the petition as fully set forth herein.

72.     Ms. Rice requested time away from work protected by the Family Medical Leave Act (FMLA), including, but not limited to, leave to give birth and to attend pregnancy and birth-related medical appointments.

14

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

73.     Defendants had sufficient notice that Ms. Rice's absences were covered by FMLA.

74.     Nevertheless, Defendants penalized Ms. Rice for taking time away from work to give birth and to attend pregnancy and birth-related medical appointments by assigning her "absence points" and ultimately terminating her employment.

75.     By doing so Defendants interfered with Ms. Rice's rights under the FMLA. Defendants conduct further constitutes discrimination and retaliation under the FMLA.

76.     Defendants unlawful conduct was willful and wanton.

77.     As a result of Defendants' acts and omissions, Ms. Rice has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

78.     The actions of Defendants also warrant the imposition of specific equitable relief, including injunctive relief, including but not limited to the following: (a) reinstatement to her position with full pay and benefits, (b) requirement of specific training to prevent discrimination of all management, (c) injunctive relief prohibiting Defendants from engaging in further discrimination or retaliation, (d) a mandatory injunction requiring Defendants to engage in company-wide discrimination, harassment, retaliation, and sensitivity training and (f) such other and further relief as is necessary to effectuate the policies and goals of state and federal law.

**WHEREFORE**, Ms. Rice demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for

emotional distress damages, for lost wages, for equitable relief, for interest as allowed by law, for attorneys' fees, for punitive damages, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the FMLA.

**COUNT IV**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**(29 U.S.C §§ 207, 215, *et. seq.*)**

79.    Plaintiff realleges the preceding paragraphs of the petition as fully set forth herein.

80.    Defendants failed to provide Ms. Rice with suitable facilities and accommodation to extract breast milk in violation of the Fair Labor Standards Act (FLSA).

81.    Defendants further retaliated against Ms. Rice for needing time to extract breast milk by harassing her and failing to take appropriate remedial action in response to harassment by coworkers.

82.    Defendants further retaliated against Ms. Rice by terminating her for making complaints regarding the inadequate breastfeeding facilities and the harassment she endured as a result of needing time away from her work assignment to extract breast milk.

83.    Defendants' conduct was willful and wanton.

84.    As a result of Defendants' acts and omissions, Ms. Rice has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

85.    The actions of Defendants also warrant the imposition of specific equitable relief, including injunctive relief, including but not limited to the following:  (a) reinstatement

E-FILED  2024 JAN 22 5:16 PM WAPELLO - CLERK OF DISTRICT COURT

to her position with full pay and benefits, (b) requirement of specific training to prevent discrimination of all management, (c) injunctive relief prohibiting Defendants from engaging in further discrimination or retaliation, (d) a mandatory injunction requiring Defendants to engage in company-wide discrimination, harassment, retaliation, and sensitivity training and (f) such other and further relief as is necessary to effectuate the policies and goals of state and federal law.

**WHEREFORE**, Ms. Rice demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for emotional distress damages, for lost wages, for equitable relief, for interest as allowed by law, for attorneys' fees, for punitive damages, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the FLSA.

<u>**JURY DEMAND**</u>

**COMES NOW** the Plaintiff, Star Rice, and hereby requests a jury trial in the above-captioned matter.

NEWKIRK ZWAGERMAN, P.L.C.

*/s/ Lawrence Dempsey*
Lawrence Dempsey AT0012262
ldempsey@newkirklaw.com
Jacquelyn Judickas AT0015272
jjudickas@newkirklaw.com
3900 Ingersoll Ave. Suite 201
Des Moines, IA 50312
Telephone: 515-883-2000
Fax: 515-883-2000
**ATTORNEYS FOR PLAINTIFF**

Original filed.

17

E-FILED  2024 MAR 27 9:17 AM WAPELLO - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR WAPELLO COUNTY

| | |
|---|---|
| STAR RICE,<br><br>　Plaintiff,<br><br>vs.<br><br>SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate Capacities,<br><br>　Defendants. | Case No. LALA106679<br><br><br><br>APPEARANCE OF COUNSEL |

　　　COMES NOW, the undersigned, Thomas Newkirk, and hereby enters his appearance on behalf of Plaintiff in the above-captioned matter.

　　　　　　　　　　　　NEWKIRK ZWAGERMAN, P.L.C.


　　　　　　　　　　　　 _/s/Thomas Newkirk_
　　　　　　　　　　　　Thomas Newkirk AT0005791
　　　　　　　　　　　　tnewkirk@newkirklaw.com
　　　　　　　　　　　　3900 Ingersoll Ave, Suite 201
　　　　　　　　　　　　Des Moines, IA 50312
　　　　　　　　　　　　Telephone:  (515) 883-2000
　　　　　　　　　　　　Fax:  (515) 883-2004

　　　　　　　　　　　　ATTORNEY FOR PLAINTIFF
Original filed.

1

**IN THE IOWA DISTRICT COURT
IN AND FOR WAPELLO COUNTY**

| | |
|---|---|
| **STAR RICE,** | |
| **Plaintiff,** | **Case No. LALA106679** |
| **vs.** | |
| **SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate capacities,** | **MOTION TO WITHDRAW COUNSEL** |
| **Defendants.** | |

**COMES NOW** the undersigned counsel, who hereby moves to withdraw as counsel for the Plaintiff in this matter. In support of the motion, the undersigned states the following:

1. The undersigned counsel has accepted employment elsewhere and, as a consequence, will no longer be an associate with the firm representing the Plaintiff, Newkirk Zwagerman PLC, as of April 8, 2024.

2. Attorneys Thomas Newkirk and Jacque Judickas will continue representing the Plaintiff in this matter going forward.

3. Accordingly, the undersigned respectfully requests the Court enter an order withdrawing the undersigned as counsel for the Plaintiff in this matter.

**WHEREFORE**, the undersigned respectfully requests the Court enter an order withdrawing the undersigned counsel, Attorney Lawrence Dempsey, as counsel for the Plaintiff in this matter.

1

E-FILED  2024 MAR 28 2:58 PM WAPELLO - CLERK OF DISTRICT COURT

**RESPECTFULLY SUBMITTED**

NEWKIRK ZWAGERMAN, P.L.C.

*/s/    Lawrence Dempsey*
Lawrence Dempsey, AT0012262
ldempsey@newkirklaw.com
3900 Ingersoll Ave, Suite 201
Des Moines, IA 50312
Telephone: (515) 883-2000
Fax: (515) 883-2004

E-FILED                 LALA106679 - 2024 MAR 29 08:05 AM          WAPELLO
                        CLERK OF DISTRICT COURT                    Page 1 of 2

## IN THE IOWA DISTRICT COURT
## IN AND FOR WAPPELLO COUNTY

| | |
|---|---|
| **STAR RICE,** | |
| **Plaintiff,** | **Case No. LALA106679** |
| **vs.** | |
| | **ORDER** |
| **SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate capacities,** | |
| **Defendants.** | |

The Court is in receipt of the motion to withdraw filed by Attorney Lawrence Dempsey. Having reviewed the motion, the Court finds that the motion should be **GRANTED**.

**THEREFORE**, Attorney Lawrence Dempsey is hereby withdrawn as Counsel for the Plaintiff in this matter.

E-FILED          LALA106679 - 2024 MAR 29 08:05 AM          WAPELLO
                 CLERK OF DISTRICT COURT                     Page 2 of 2



State of Iowa Courts

**Case Number**       **Case Title**
LALA106679            STAR RICE V. SWIFT PORK COMPANY, JBS PORK EAL
**Type:**             ORDER APPROVING WITHDRAWAL OF COUNSEL

So Ordered

Greg Milani, District Court Judge
Eighth Judicial District of Iowa

Electronically signed on 2024-03-29 08:05:36

E-FILED  2024 APR 09 2:45 PM WAPELLO - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT FOR WAPELLO COUNTY

| | |
|---|---|
| STAR RICE, | Case No:  LALA106679 |
| Plaintiff, | |
| vs. | |
| SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate Capacities, | ACCEPTANCE OF SERVICE |
| Defendants. | |

COMES NOW the undersigned, on behalf of the above-named Defendants, and hereby accepts service of the Petition and Jury Demand and Original Notice in the above-entitled cause of action.

/s/Wesley T. Graham
Wesley T.  Graham    AT0011184
DUNCAN GREEN, P.C.
400 Locust Street, Suite 380
Des Moines, IA 50309
Telephone:  (515) 288-6440
Facsimile:  (515) 288-6448
wtgraham@duncangreenlaw.com
ATTORNEY FOR DEFENDANTS

E-FILED  2024 APR 09 2:45 PM WAPELLO - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Acceptance of Service

was served upon the following parties through the court's CM/ECF electronic filing system on the

9th day of April, 2024.

Thomas Newkirk
tnewkirk@newkirklaw.com
Jacquelyn Judickas
jjudickas@newkirklaw.com
Newkirk Zwagerman, P.L.C.
3900 Ingersoll Ave, Suite 201
Des Moines IA 50312
T: 515-883-2000

/s/Wesley T. Graham_____

E-FILED  2024 APR 09 2:45 PM WAPELLO - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR WAPELLO COUNTY

| | |
|---|---|
| **STAR RICE,** | **Case No: LALA106679** |
| **Plaintiff,** | |
| **vs.** | |
| **SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate Capacities,** | **APPEARANCE OF COUNSEL** |
| **Defendants.** | |

The undersigned attorney, Wesley T. Graham, hereby enters his appearance in this matter as counsel for the above-named Defendants.

/s/Wesley T. Graham
Wesley T.  Graham    AT0011184
DUNCAN GREEN, P.C.
400 Locust Street, Suite 380
Des Moines, IA 50309
Telephone:  (515) 288-6440
Facsimile:  (515) 288-6448
wtgraham@duncangreenlaw.com
ATTORNEY FOR DEFENDANTS

E-FILED  2024 APR 09 2:45 PM WAPELLO - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Appearance of Counsel was served upon the following parties through the court's CM/ECF electronic filing system on the 9th day of April, 2024.

Thomas Newkirk
tnewkirk@newkirklaw.com
Jacquelyn Judickas
jjudickas@newkirklaw.com
Newkirk Zwagerman, P.L.C.
3900 Ingersoll Ave, Suite 201
Des Moines IA 50312
T: 515-883-2000

/s/Wesley T. Graham_____