# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| STAR RICE,<br><br>    Plaintiff,<br><br>v.<br><br>SWIFT PORK COMPANY, JBS PORK PRODUCTION FACILITY, JBS USA FOOD COMPANY a/k/a JBS FOOD USA, and VICTOR RODRIQUEZ and ERIKA KEMP in their individual and corporate capacities,<br><br>    Defendants. | Case No. 4:24-cv-00142 (SHL/HCA)<br><br>**ANSWER** |

Defendants Swift Pork Company ("Swift Pork"), JBS USA Food Company ("JBS"), Victor Rodriquez, and Erika Kemp (collectively, "Defendants"),[1] by their undersigned counsel, submit the following Answer to the Petition originally filed by Plaintiff Star Rice in the Iowa District Court for Wapello County on or about January 22, 2024 (hereinafter, the "Complaint") (ECF 1-1). Specifically, in response to the numbered paragraphs included in the Complaint, Defendants admit, deny, and aver the allegations set forth below. All allegations in the Complaint are hereby denied unless expressly admitted. Further, an admission as to part of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

## INTRODUCTION[2]

1. With respect to the allegations in Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring claims against Defendants for alleged violations of Title VII of the

---

[1] While the Petition also names "JBS Pork Production Facility" as a defendant, that is not a real entity.
[2] Headings are taken from Plaintiff's Complaint and should not be construed as reflecting any admission or denial by Defendants.

Civil Rights Act of 1964, the Iowa Civil Rights Act, the Family Medical Leave Act, and the Fair Labor Standards Act, but Defendants deny that Plaintiff is entitled to any relief under such statutes.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

## PARTIES

3. Defendants admit the allegations in Paragraph 3 of the Complaint upon information and belief.

4. Defendants admit the allegations in the first sentence of Paragraph 4 of the Complaint, except that Plaintiff has misspelled the name of the city where Defendant Swift Pork Company has its principal place of business, which is Greeley, Colorado, not Greely, Colorado. With respect to the allegations in the second sentence of Paragraph 4, Defendants admit only that Swift Pork operates a pork production facility in Ottumwa, Iowa, where Plaintiff previously worked. Defendants otherwise deny the allegations in Paragraph 4.

5. Defendants admit the allegations in the first sentence of Paragraph 5 of the Complaint, except that Defendants deny that Defendant JBS USA Food Company is also known as JBS Food USA, and Defendants further note that Plaintiff has misspelled the name of the city where Defendant JBS USA Food Company has its principal place of business, which is Greeley, Colorado, not Greely, Colorado. With respect to the allegations in the second sentence Paragraph 5 of the Complaint, Defendants admit only that Defendant JBS USA Food Company is a parent company of Swift Pork, and that Plaintiff previously worked at the Swift Pork production facility located in Ottumwa, Iowa. Defendants otherwise deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. With respect to the allegations in Paragraph 7 of the Complaint, Defendants admit only that Defendant Rodriguez is employed by Swift Pork, and that he is a resident of the state of Iowa. Defendants otherwise deny the allegations in Paragraph 7.

8. With respect to the allegations in Paragraph 8 of the Complaint, Defendants admit only that Defendant Kemp is employed by Swift Pork, and that she is a resident of the state of Iowa. Defendants otherwise deny the allegations in Paragraph 8.

## **JURISDICTIONAL AND PROCEDURAL REQUIREMENTS**

9. With respect to the allegations in Paragraph 9 of the Complaint, Defendants admit only that Plaintiff filed charges with the Iowa Civil Rights Commission ("ICRC") and the Equal Employment Opportunity Commission ("EEOC") against certain defendants. Defendants otherwise deny the allegations in Paragraph 9 of the Complaint.

10. With respect to the allegations in Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date on which the ICRC issued Plaintiff a right-to-sue letter, and therefore Defendants deny the allegation that Plaintiff filed her Complaint within 90 days thereof. Defendants admit that the EEOC issued its dismissal notice within 90 days of Plaintiff's filing of the Complaint with the Iowa State Court, but not within 90 days of Plaintiff's service of the Complaint on Defendants.

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendants deny that Iowa District Court for Wapello County is a proper venue for this action, as Defendants have exercised their right to remove the action to this Court, which has original federal question jurisdiction over Plaintiff's federal causes of action.

12. Paragraph 12 reflects a statement of jurisdiction that is neither properly admitted nor denied. However, to the extent Paragraph 12 is construed to contain any factual allegations against Defendants to which a response is required, Defendants deny that Plaintiff has suffered any recoverable damages in connection with her stated causes of action arising out of any actions taken by any of the Defendants.

## FACTUAL SUMMARY

13. Defendants deny the allegations in the first sentence of Paragraph 13 of the Complaint and affirmatively state that Plaintiff first began working for Swift Pork in 2017. Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 13, and Defendants therefore deny the same.

14. Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 14 of the Complaint, and Defendants therefore deny the same. With respect to the allegations in the third sentence of Paragraph 14, Defendants admit that Swift Pork permitted Plaintiff to be absent from work for medical appointments.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in the first sentence of Paragraph 16 of the Complaint. With respect to the allegations in the second sentence of Paragraph 16, Defendants admit only that Swift Pork utilizes a points-based attendance policy at its Ottumwa production facility. Defendants admit the allegations in the third sentence of Paragraph 16 with respect to the attendance policy in effect at Swift Pork's Ottumwa production facility.

17. Defendants deny the allegations in Paragraph 17 of the Complaint as stated.

18. Defendants admit the allegations in Paragraph 18 of the Complaint upon information and belief.

19. With respect to the allegations in Paragraph 19 of the Complaint, Defendants admit only that one or more representatives of Swift Pork had advance knowledge that Plaintiff would likely take time off from work after giving birth in 2021.

20. Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 20 of the Complaint, and Defendants therefore deny the same. With respect to the allegations in the second sentence of Paragraph 20, Defendants admit that Swift Pork permitted Plaintiff to be absent from work for medical appointments.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. With respect to the allegations in the first sentence of Paragraph 26 of the Complaint, Defendants admit only that Plaintiff provided Swift Pork with a doctor's note requesting that Plaintiff be allowed to express breast milk every 2.5-3 hours for 30 minutes. Defendants otherwise deny the allegations in Paragraph 26. Defendants admit the allegations in the second sentence of Paragraph 26 upon information and belief.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint and affirmatively state that Swift Pork provided Plaintiff with a private, secure room in which to express breast milk

that was only accessible by other similarly situated female employees who also needed to express breast milk.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. With respect to the allegations in the first sentence of Paragraph 32 of the Complaint, Defendants admit that Plaintiff's job required her to wear personal protection equipment. Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 32 of the Complaint, and Defendants therefore deny the same.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and Defendants therefore deny the same.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. With respect to the allegations in the first sentence of Paragraph 37 of the Complaint, Defendants admit only that Plaintiff met with a Swift Pork human resources representative on at least one occasion to discuss the periods of the workday when Plaintiff would take breaks to express breast milk in accordance with her doctor's note. Defendants deny the allegations in the second sentence of Paragraph 37 as stated, noting that Swift Pork's HR representative affirmatively encouraged Plaintiff to take a third break to express breast milk in the workday as needed to ensure that she was taking the breaks established in her doctor's note.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. With respect to the allegations in Paragraph 49 of the Complaint, Defendants admit only that when Plaintiff hit 10 attendance points under Swift Pork's Ottumwa attendance policy, her badge would have automatically deactivated her security access on April 8, 2022, and that she was required to meet with a Swift Pork Human Resources representative to determine whether any of the points she had been assessed should be removed. Defendants otherwise deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. With respect to the allegations in Paragraph 52 of the Complaint, Defendants admit only that Swift Pork terminated Plaintiff on or about April 8, 2022. Defendants otherwise deny the allegations in Paragraph 52 as stated.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

## COUNT I
## DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF THE IOWA CIVIL RIGHT'S ACT
**(Iowa Code Chapter 216)**

55. Defendants incorporate their responses to Paragraphs 1–54 of the Complaint as though fully set forth here.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

In response to Plaintiff's "WHEREFORE" clause, Defendants expressly deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## COUNT II
## DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND PREGNANCY DISCRIMINATION ACT
**(42 U.S.C. § 2000e *et seq.*)**

63. Defendants incorporate their responses to Paragraphs 1–62 of the Complaint as though fully set forth here.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

In response to Plaintiff's "WHEREFORE" clause, Defendants expressly deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## COUNT III
### INTERFERENCE, DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (29 U.S.C. § 2615, *et seq.*)

71. Defendants incorporate their responses to Paragraphs 1–70 of the Complaint as though fully set forth here.

72. The allegations in Paragraph 72 call for a legal conclusion that is neither properly admitted or denied. To the extent Paragraph 72 is construed to reflect factual allegations warranting a response from Defendants, then Defendants deny such allegations.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

In response to Plaintiff's "WHEREFORE" clause, Defendants expressly deny that Plaintiff is entitled to any of the relief requested in the Complaint.

# COUNT IV
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
**(29 U.S.C. §§ 207, 215, *et seq.*)**

79. Defendants incorporate their responses to Paragraphs 1–78 of the Complaint as though fully set forth here.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

In response to Plaintiff's "WHEREFORE" clause, Defendants expressly deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants anticipate relying upon the following defenses and affirmative defenses in response to the Complaint:

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Defendants' actions with respect to Plaintiff were based on legitimate non-discriminatory reasons, and Defendants acted reasonably and in good faith at all times to comply with applicable employment laws.

4. Defendants took reasonable steps to prevent and promptly correct any alleged discrimination in the workplace, if it existed as alleged in the Complaint, and Plaintiff

unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

5. Plaintiff's damages, if any, are barred or limited because Defendant did not engage in any discriminatory practice with malice, reckless indifference, or willfully and wantonly to Plaintiff's rights and has not engaged in any unlawful intentional discrimination.

6. Plaintiff's claims and alleged damages, if any, are barred, in whole or in part, by Plaintiff's failure to comply with Defendants' notice and procedural requirements for requesting leave and/or leaving the workplace.

7. Plaintiff has failed to mitigate damages, if any.

8. To the extent Plaintiff seeks punitive damages, punitive damages cannot be justified in this case, and any claim for punitive damages against Defendants would be in violation of the constitutional safeguards provided to Defendants under the constitutions of the State of Iowa and the United States of America.

9. Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

10. Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to exhaust available administrative remedies.

11. Plaintiff's claims may be barred, in whole or in part, by the doctrine of preemption.

12. Plaintiff's claims may be barred, in whole or in part, because Defendants would have made the same decisions with respect to Plaintiff regardless of Plaintiff's purported protected classes and regardless of Plaintiff's alleged protected activity.

13. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or release.

14. Plaintiff's claims may be barred, in whole or in part, because Plaintiff was not eligible for protected leave.

**WHEREFORE**, Defendants pray for relief as follows:

1. Dismissal of Plaintiff's Complaint with prejudice and without costs, fees, or disbursements to Plaintiff;

2. For such other and further relief as the Court may deem just and equitable in favor of Defendants.

Dated:  April 26, 2024

s/Wesley T. Graham
Wesley T. Graham    AT0011184
Duncan Green, P.C.
400 Locust Street, Suite 380
Des Moines, IA 50309
Telephone:  (515) 288-6440
Facsimile:  (515) 288-6448
wtgraham@duncangreenlaw.com

Randi J. Winter (*pro hac vice forthcoming*)
SPENCER FANE LLP
100 South 5th Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 268-7000
rwinter@spencerfane.com

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on the 26th day of April, 2024, for foregoing instrument was file electronically with the Clerk of Court using the electronic system which will send notification of such filing to all counsel of record.

/s/Wesley T. Graham